## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT HUFF,

       Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a/k/a FANNIE MAE, BANK
OF AMERICA, N.A. as successor by means of
Merger to BAC HOME LOANS SERVICING
LP f/k/a COUNTRYWIDE HOME LOANS,
LP and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC, jointly and
severally,

       Defendants.

Case No. 13-12333
Hon. Lawrence P. Zatkoff

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 15, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendants' Federal National Mortgage Association,

Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. Motion to Dismiss

[dkt 6].  The motion has been fully briefed.  The Court finds that the facts and legal arguments

are adequately presented in the parties' papers such that the decision process would not be

significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is

hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument.

For the following reasons, Defendants' motion is GRANTED.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

This case deals with foreclosure proceedings relating to real property located at 2936 Tanglewood Drive in Wayne, Michigan (the "Property"). On March 31, 2005, Robert Huff ("Plaintiff") obtained a loan (the "Loan") for $220,500.00 from Countrywide Home Loans, Inc. (the "Lender"). To secure repayment of the Loan, Plaintiff granted a mortgage (the "Mortgage") on the Property to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERS later assigned the Mortgage to BAC Home Loans Servicing, LP.

As a consequence of Plaintiff's alleged default, Defendant Bank of American, N.A. ("Bank of America"), successor by merger to BAC Home Loans Servicing, LP, initiated foreclosure-by-advertisement proceedings. The Property was sold at a foreclosure sale on October 5, 2011. Bank of America purchased the Property for $92,000.00. On October 27, 2011, Bank of America assigned its interest in the Property by quit claim deed to Defendant Federal National Mortgage Association ("Fannie Mae").

### B. PROCEDURAL BACKGROUND

Prior to filing the instant action, Plaintiff and Defendant Fannie Mae have been involved in a myriad of litigation. In 2012, after Plaintiff's six-month statutory redemption period to reclaim the Property expired, Defendant Fannie Mae filed an action in Michigan's 29th District Court to evict Plaintiff. Since that time Plaintiff[1] has filed three petitions for bankruptcy, each time forcing the district court to stay Defendant Fannie Mae's eviction action. After Plaintiff's third petition for bankruptcy was dismissed for failure to prosecute, Michigan's 29th District Court issued a Judgment of Possession in favor of Defendant Fannie Mae. The Judgment of

---

[1] Plaintiff's girlfriend, allegedly also living at the Property, filed the third petition for bankruptcy on behalf of Plaintiff.

Possession was affirmed in favor of Defendant Fannie Mae on Plaintiff's appeal to the Wayne County Circuit Court.

Plaintiff did not further appeal the Judgment of Possession.  Instead, Plaintiff filed this complaint on April 24, 2013, in Wayne County Circuit Court.  Defendants received copies of Plaintiff's Summons and complaint on or about May 3, 2013.  On May 28, 2013, Defendants timely removed the matter to this Court on the basis of diversity jurisdiction.

In his complaint, Plaintiff advances a claim against Defendants for quiet title (Count I) and alleges Defendants violated the Michigan Consumer Protection Act ("MCPA") (Count II).[2] On June 14, 2013, Defendants filed the instant motion.  On July 7, 2013, Plaintiff filed a response in which he also requested leave to file an amended complaint.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor.  *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the party pleads factual

---

[2] Although titled as "Violation of the Michigan Consumer Protection Act," Plaintiff's complaint immediately refers to and relies upon 15 U.S.C. § 1639, which Defendants refer to as the federal Home Ownership and Equity Protection Act ("HOEPA").  Plaintiff does later refer to the MCPA, but alleges only Defendant Fannie Mae violated it. Defendants' instant motion addresses Plaintiff's allegations under both 15 U.S.C. § 1639 and the MCPA.

content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend shall be "freely give[n] . . . when justice so requires," but "that window of opportunity does not remain open forever." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (*citing Ford v. Ford*, 371 U.S. 187 (1962)). When a party seeks to amend its complaint at a late stage of the litigation, "there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

## IV. ANALYSIS

Defendants assert that all of Plaintiff's claims should be barred either by *res judicata* or by the expiration of the applicable statute of limitations. Additionally, Defendants argue that Plaintiff's quiet title claim and claims under the MCPA and HOEPA lack the factual allegations required for the Court to find in Plaintiff's favor. Plaintiff asserts that his complaint adequately pleads claims against Defendants for quiet title and violations of state and federal law, but requests that, should the Court find otherwise, he be allowed to amend his complaint in lieu of the Court granting Defendants' motion.

4

For the following reasons, the Court finds Plaintiff fails to state a claim upon which relief may be granted.  Further, the Court denies Plaintiff's request to amend his complaint.

## A.  PLAINTIFF'S QUIET TITLE CLAIM

Defendants assert that Plaintiff's quiet title claim is barred by *res judicata*, as the issue of ownership over the Property was previously decided at the Michigan state court level. Additionally, Defendants argue Plaintiff's quiet title claim fails under Michigan law.  Plaintiff claims, however, that the arguments advanced in his complaint are different than those previously before the state court, and thus should not be barred.  Plaintiff further asserts that Defendant Fannie Mae had no standing to foreclose on Plaintiff's Property, and that he was the victim of fraud and "robo-signing" perpetrated by Defendants' MERS and Bank of America. The Court cannot agree with any of Plaintiff's arguments.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816–17 (6th Cir. 2010) (citing *Abbott v. Michigan*, 474 F.3d 324, 330–31 (6th Cir. 2007)). "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v. Dart*, 460 Mich. 573, 586 (1999).

Plaintiff had the chance to raise issues with the actual foreclosure process when he was in state court.  Instead, Plaintiff failed to file an answer in the original Judgment of Possession proceedings.  On appeal, the Wayne County Circuit Court explicitly noted that Plaintiff made "no allegations that any of the procedures utilized to proceed with the foreclosure process were inappropriate or in contravention of any statutory requirements."  It is clear to the Court that both

5

state court cases dealt with the same transaction as Plaintiff's current quiet title claim does.  As such, the Court finds that Plaintiff's quiet title claim is barred by *res judicata*.

Even if not barred, however, the Court finds Plaintiff's claim still fails.  Defendants point out—and Plaintiff completely fails to address—that Defendant Fannie Mae did not actually foreclose on the Property.  Rather, Defendant Bank of America initiated the foreclosure of Plaintiff's Property, and subsequently purchased the Property at the sheriff's sale.  Defendant Fannie Mae acquired the Property from Defendant Bank of America *only after* the foreclosure sale of the Property was finalized.  As such, Plaintiff's claim that Defendant Fannie Mae had no standing to foreclose on the Property—while technically accurate—ignores the reality that Defendant Fannie Mae did not foreclosure on the Property, and thus has no bearing in this case.

Finally, Plaintiff's complaint and incoherent response[3] to the instant motion are completely void of any factual allegations upon which a finding of Defendants Bank of America and MERS' alleged fraud and "robo-signing" could be based.  To state a claim for fraud, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008) (internal citations omitted).  Plaintiff's confused filings fail to satisfy any of these requirements.  Plaintiff's blanket statement that "upon information and belief," he was the victim of mortgage fraud and "robo-signing" because it was a "widespread tactic" does not satisfy pleading requirements.  *Conlin v. MERS*, 714 F.3d 355 (6th Cir. 2013).

---

[3] The Court would be remiss not to address the nearly illegible and disjointed format—and content—contained in Plaintiff's response.  The response repeatedly refers to alleged quotations in Defendants' motion that simply do not exist.  Additionally, Plaintiff jumps between referring to the opposing parties as "Defendant," "Defendants," and "Defendant Fannie Mae," oftentimes making it nearly impossible to determine against whom Plaintiff is attempting to levy blame.  Finally, the incoherent content of Plaintiff's response consistently fails to relate its incomplete thoughts to any alleged claim.  The Court implores Plaintiff's attorney to spend more time on future filings so as to correct these basic and fundamental errors and avoid the possibility of future sanctions.

The Court thus finds that Plaintiff's quiet title claim fails to state a claim upon which relief may be granted.

## B.  PLAINTIFF'S 15 U.S.C. § 1639 AND MCPA CLAIMS

Plaintiff alleges that Defendant Fannie Mae violated 15 U.S.C. § 1639[4] by failing to modify the terms of Plaintiff's Loan.  Plaintiff further alleges all Defendants violated 15 U.S.C. § 1639(h) by extending credit to Plaintiff without regard to his ability to repay the debt in a case of financial emergency.  Finally, Plaintiff asserts that Defendant Fannie Mae's conduct—failing to modify the terms of Plaintiff's loans and extending Plaintiff credit without regard to his financial situation—violated the Michigan Consumer Protection Act.

As the Court has already established, Defendant Fannie Mae was not involved with the foreclosure of Plaintiff's Property.  Further, the record indicates Defendant Fannie Mae was not Plaintiff's lender, mortgagee, or loan servicer with the Loan in question.  In short, Defendant Fannie Mae had nothing to do with Plaintiff's Loan.  As such, Defendant's allegations that Defendant Fannie Mae violated 15 U.S.C. § 1639 by failing to modify the terms of Plaintiff's Loan cannot possibly be true: Defendant Fannie Mae never had any control over Plaintiff's Loan.  Similarly, Defendant Fannie Mae never improperly extended credit to Plaintiff because it never extended *any* credit to Plaintiff in relation to this matter.  As such, the Court finds that Plaintiff's 15 U.S.C. § 1639 claim against Defendant Fannie Mae fails to state a claim upon which relief may be granted.

Plaintiff's MCPA claim is similarly flawed.  Plaintiff alleges only Defendant Fannie Mae violated the MCPA, and did so by failing to modify the terms of Plaintiff's loans and by extending Plaintiff credit without regard to his financial situation.  Although Plaintiff alleges this

---

[4] Plaintiff and Defendants use several terms to refer to the same law, calling it either HOEPA or the Truth-In-Lending Act.  As they appear to agree on the same United States Code number, the Court uses that version.

conduct violated the MCPA in no less than sixteen different ways, the Court has already established that Defendant Fannie Mae was not involved with Plaintiff's Loan. The Court thus finds that Plaintiff's MCPA claim fails to state a claim upon which relief may be granted.

Plaintiff's remaining 15 U.S.C. § 1639 claim against Defendants Bank of America and MERS fails on several grounds. First, Defendant correctly points out that neither the version of 15 U.S.C. § 1639 that was in effect at the time Plaintiff's Mortgage was created nor the version currently in place apply to the challenged Mortgage transaction. 15 U.S.C. § 1639 did not and does not apply to the type of residential mortgage transaction Plaintiff's claim is based on. *See Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 839 (E.D. Mich. 2010). Next, Defendants Bank of America and MERS are not required—as Plaintiff would suggest—under 15 U.S.C. § 1639 to offer loan modifications. Rather, 15 U.S.C. § 1639 simply allows for the creation of regulations that would permit such modification. As Plaintiff's argument would alter the plain language of 15 U.S.C. § 1639, the Court finds that Plaintiff's 15 U.S.C. § 1639 claim against Defendants Bank of America and MERS fails to state a claim upon which relief may be granted.

Finally, even if Plaintiff's MCPA and 15 U.S.C. § 1639 count had provided the requisite factual evidence needed for the Court to find in his favor, the statute of limitations for both claims has long since run. The statute of limitations under the MCPA is six years. *See* Mich. Comp. Laws § 445.911(7). The statute of limitations under 15 U.S.C. § 1639 is three years. *See* 15 U.S.C. § 1640(e). Plaintiff's claims are both based on actions that allegedly took place in 2005, when his Loan and Mortgage for the Property were first issued. As such, both limitations periods expired years ago. While Plaintiff argues the statute of limitations should be tolled because he was unaware of the material terms in his Mortgage, Plaintiff signed—and presumably read—his Mortgage in 2005. Further, the Mortgage has been a matter of public record ever

since.  As such, the Court finds that Plaintiff was aware of the terms in his Mortgage and that the statute of limitations should not be tolled.  Therefore, Plaintiff's MCPA and 15 U.S.C. § 1639 claims are also barred by their applicable statute of limitations.

## C.  PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT

In lieu of the Court granting Defendants' motion to dismiss, Plaintiff requests leave to amend his complaint to provide a more definite statement.  In particular, Plaintiff states that he will provide a more definite statement as to how Defendants allegedly concealed key information, terms, and conditions of Plaintiff's Mortgage.  The Court, however, finds that granting such a request would be futile.  Plaintiff has provided no information that would lead the Court to believe amending his complaint would produce a viable claim against any of the Defendants.  Plaintiff's claims against Defendant Fannie Mae are all based on alleged misconduct in transactions Fannie Mae was not a part of.  Further, no additional information could save Plaintiff's claims against Defendants Bank of America and MERS, as they are based on violations of state and federal law that do not apply to the Mortgage transaction at issue. Finally, no amendments to Plaintiff's complaint could trump the binding decision made by the Michigan state court or circumvent the statute of limitations that have been exhausted.

As such, the Court will not allow Plaintiff to amend his complaint.

## V. CONCLUSION

For the reasons state above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [dkt 6] Plaintiff's complaint is GRANTED.

IT IS SO ORDERED.

Date:  October 15, 2013                                         s/Lawrence P. Zatkoff
                                                               HON. LAWRENCE P. ZATKOFF
                                                               U.S. DISTRICT JUDGE